# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Bowling Green Division**

| | |
|---|---|
| Lawrence Carta<br>    *Plaintiff* | )<br>)<br>) |
| v. | )<br>)    Case No. 1:13-CV-33-M<br>) |
| Portfolio Recovery Associates, LLC<br>    *Defendant* | )<br>)<br>) |
| Serve: | )<br>) |
|     National Registered Agents, Inc.<br>    160 Greentree Dr.<br>    Suite 101<br>    Dover, DE 19904 | )<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer seeking damages for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. Defendant, Portfolio Recovery Associates, LLC ("PRA"), violated the FDCPA by attempting to collect from Mr. Carta interest that was neither authorized by agreement not permitted by law. PRA also attempted to collect interest from Mr. Carta that was not assigned or sold by the original creditor, and which the original creditor waived the right to collect. An assignee of the credit card debt PRA cannot not have rights greater than its assignor. Attempting to collect interest not permitted by law is an express violation of the FDCPA. PRA also violated the FDCPA by bringing suit against Mr. Carta in the wrong venue.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

4. Plaintiff, Lawrence Carta, is a natural person who resides in Adair County, Ky. Plaintiff is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant, Portfolio Recovery Associates, LLC ("PRA") is a limited liability company, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

6. PRA regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and are each "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7. On March 22, 2012, PRA filed suit against Plaintiff, Lawrence Carta, in Russell District Court. (A copy of the Complaint is attached as Exhibit "A."). PRA served the Summons and Complaint on Mr. Carta on March 31, 2012 at his residence in Adair County. *Id.*

8. The Complaint was an attempt to collect a charged-off credit card debt, originally issued by HSBC Bank Nevada, N.A. ("HSBC").

9. Mr. Carta recalls having an HSBC credit card, which he used to purchase goods and services used for personal and household purposes.

10. PRA's dunning letter was an attempt to collect a "debt" from Mr. Carta within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

11. The Complaint alleges that Mr. Carta owed a principal amount of $2,851.65 plus 8% interest per annum from March 31, 2010. So the Complaint alleges that, as of March 22, 2012, Mr. Carta owed PRA an additional $456.26 in accrued interest.

12. PRA attached an affidavit dated January 25, 2012, which was signed by a Christina Kindred. *See* Exhibit "A."

13. The Kindred Affidavit avers that, as of the date of the Affidavit, Mr. Carta owed PRA a total sum of $2,851.65.

14. The Kindred Affidavit also avers that PRA purchased Mr. Carta's alleged debt on September 27, 2010.

15. Beginning on October 7, 2010, PRA began sending Mr. Carta a series of dunning letters attempting to collect the same debt at issue in its March 22, 2012 Complaint. (Copies of these letters are attached as Exhibit "B"). PRA sent additional letters on February 21, 2011 and April 11, 2011.

16. Each dunning letter sent by PRA states affirmatively that the Balance due on the debt is $2,851.65.

17. As part of the defense of the Russell District Court action, Mr. Carta sent discovery requests to PRA. (PRA's responses to Mr. Carta's discovery requests are attached as Exhibit "C").

18. In response to Mr. Carta's Interrogatories, PRA stated that the original creditor, HSBC, charged off Mr. Carta's credit card account on March 31, 2010. PRA also stated that it acquired Mr. Carta's credit card debt six months later on September 29, 2010. PRA also stated that the amount due on Mr. Carta's credit card account on the date of sale was $2,851.65.

19. So at no time prior to filing suit against Mr. Carta did PRA ever state or claim that any interest was due on the alleged debt originated by HSBC.

20. Consequently, PRA's Complaint in Russell District Court attempts to collect interest from Mr. Carta that its own dunning letters and the Kindred affidavit affirmatively demonstrate that PRA had no legal right to collect.

21. Further, PRA's responses to Mr. Carta's discovery requests demonstrate conclusively that in its Complaint, PRA is attempting to collect interest from Mr. Carta that HSBC did not add, impose, or accrue on Mr. Carta's credit card account from the date that HSBC charged off the credit card account, March 31, 2010, and through the date it sold Mr. Carta's credit card debt.

### Claims for Relief: Violation of the Fair Debt Collection Practices Act

22. The foregoing acts and omissions of PRA constitute violations of the FDCPA, including, but not limited to:

    (a) Violation of 15 U.S.C. § 1692f(1): PRA attempted to collect a debt that is not permitted by contract or law by, including but not limited to,

        (i) attempting to collect 8% interest in the Russell District Court lawsuit in connection with its attempt to collect a debt from Mr. Carta contrary to its prior dunning letters and the Kindred affidavit that provide for no interest on the alleged debt; and

        (ii) attempting to collect interest from Mr. Carta on his alleged HSBC credit card debt during period of time in which HSBC did not charge, impose, or accrue any interest on the debt;

      (b) Violation of 15 U.S.C. § 1692e(2)(A): PRA falsely representing the character, amount, and/or legal status of the debt by, including but not limited to,

          (i) attempting to collect 8% interest in the Russell District Court lawsuit in connection with its attempt to collect a debt from Mr. Carta contrary to its prior dunning letters that provide for no interest on the alleged debt; and

          (ii) attempting to collect interest from Mr. Carta on his alleged HSBC credit card debt during period of time in which HSBC did not charge, impose, or accrue any interest on the debt;

      (c) Violation of 15 U.S.C. § 1692e(5): PRA threatened to take [an] action that cannot legally be taken" in violation of the FDCPA by, including but not limited to,

          (i) attempting to collect 8% interest in the Russell District Court lawsuit in connection with its attempt to collect a debt from Mr. Carta contrary to its prior dunning letters that provide for no interest on the alleged debt; and

          (ii) attempting to collect interest from Mr. Carta on his alleged HSBC credit card debt during period of time in which HSBC did not charge, impose, or accrue any interest on the debt; and

      (d) Violation of 15 U.S.C. § 1692i(a)(2): PRA brought suit against Mr. Carta in Russell County, which is the wrong venue. Mr. Carta does not and has not resided in Russell County, rather he is a resident of Adair County, Kentucky.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Lawrence Carta, requests the Court grant him relief as follows:

a.     Award Plaintiff actual damages;

b.     Award Plaintiff statutory damages;

c.     Award Plaintiff reasonable attorney's fees and costs

d.     A trial by jury; and

e.     Such other relief as may be just and proper.

Respectfully Submitted,

_____
**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
(502) 473-6525
Email: james@kyclc.com